# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | No. 4:16-CR-00056 |
|---|---|
| v. | (Judge Brann) |
| FRANK PONDER, | |
| Defendant/Petitioner. | |

## MEMORANDUM OPINION

### APRIL 26, 2019

**I.     BACKGROUND**

On March 10, 2016, Petitioner Frank Ponder, hereinafter "Ponder," was indicted by the Government. On May 11, 2017, a superseding indictment was filed charging him with two counts. Count I charged conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846; and Count II charged distribution/possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1).

Initially, the Government and Ponder entered into plea negotiations. Ponder and his counsel both signed the plea agreement offered. However, the Government conditioned the plea on co-defendant Marvin C. Poland also signing a plea agreement. Co-Defendant Poland consistently asserted his right to a jury trial and never signed the conditional plea agreement.

An in-person status conference with the Court was held on April 10, 2017. Both Defendants' counsel and Government counsel were present and a date certain trial was set for June 19, 2017. At that status conference, Defendant Ponder's counsel indicated to the Court that Ponder wished to plead guilty.

On May 2, 2017, the Government sent an e-mail to defense counsel indicating that it would be seeking a superseding indictment expanding the scope of the conspiracy charge and that it would also file an information to establish two prior "felony drug offense"[1] convictions pursuant to 21 U.S.C. § 851.

Based on the threat of the impending 851 Information, Ponder's counsel hastily contacted chambers and requested that an open plea be scheduled. I duly scheduled the open plea hearing to take place on May 10, 2017. However, the Government filed the Information pursuant to 21 U.S.C. § 851 on May 8, 2017, two days prior to the open plea.

Despite notification that the Government would seek an increased statutory mandatory minimum sentence, Ponder still attempted to plead guilty. However, during the plea hearing, I rejected Ponder's plea to the conspiracy charge, because he would not admit that he conspired to distribute controlled substances. When I would not accept Ponder's guilty plea to conspiracy pursuant to my professional

---

[1] Now, post-First Step Act, the language in § 841(b)(1)(A) and (B) has been modified to "serious drug felony" and "serious violent felony."

obligations under Federal Rule of Criminal Procedure 11(b)(3), counsel advised him not to plead guilty to the possession/distribution count either. Ponder then proceeded to trial on June 19, 2017 along with his co-defendant.

Prior to trial, the Government experienced a setback, as a key witness for the conspiracy charge refused to testify against Ponder and his co-defendant, Poland. During trial, Ponder plead guilty to Count 2, the distribution/possession count. Because the Government lost its witness, the sole source of evidence on the conspiracy charge, no testimonial or documentary evidence was presented regarding either Defendant conspiring with each other, or anyone else. Consequently, at the conclusion of the Government's case, I entered judgment of acquittal on Count 1 in favor of both Defendants pursuant to Federal Rule of Criminal Procedure 29.

Constrained by the statutory mandatory minimum set forth by 21 U.S.C. §§ 841 and 851, I subsequently sentenced Ponder to 120 months imprisonment.

On September 17, 2019, Ponder filed a timely petition for writ of habeas corpus[2], which is the subject of the instant Memorandum Opinion. The petition will be denied for the reasons that follow.

---

[2] ECF No. 195.

## II. DISCUSSION

As an initial matter, I note that Ponder is proceeding *pro se* and I am cognizant that "a habeas corpus petition prepared by a prisoner without legal assistance may not be skillfully drawn and should thus be read generously; it is the policy of the courts to give a liberal construction to pro se habeas petitions."[3]

With that initial guidance in mind, I turn to 28 U.S.C. § 2255, which states, in pertinent part:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Here, Ponder argues that counsel was ineffective because she never discussed the "possibility [of] an 851 and that it didn't even cross her mind…it wasn't even on her radar."[4] At sentencing, defense counsel indeed engaged in a long soliloquy regarding her assessment of her own ineffectiveness. She stated:

> I repeatedly assured him, I said don't worry. If I'm right in your guideline calculations, the guidelines are going to be below the mandatory minimum of five, and you are going to get five years.

---

[3] *Workman v. Superintendent Albion SCI*, 908 F.3d 896 (3d Cir. 2018) (Fuentes, J.).

[4] Pet.'s Br. ECF No. 195-1 at 2.

> And we never discussed the possibility of an 851. An 851 didn't even cross my mind. It had never been raised by the Assistant United States Attorney in all of those pending ones. It wasn't on my radar, whether it should have been or not. Obviously, now I know it should have been. Obviously, if I had been thinking, I may have given him different advice. But I didn't.[5]

In deciding a § 2255 motion, this Court may summarily dismiss the motion without a hearing "if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."[6] The United States Court of Appeals for the Third Circuit has held that for ineffective assistance of counsel claims specifically, "if a nonfrivolous claim clearly fails to demonstrate either deficiency of counsel's performance or prejudice to the defendant, then the claim does not merit a hearing."[7] "If, on the other hand, a claim, when taken as true and evaluated in light of the existing record, states a colorable claim for relief under *Strickland*, then further factual development in the form of a hearing is required."[8]

---

[5] Sentencing Transcript, ECF No. 192.

[6] Rules Governing Section 2255 Proceedings 4(b); see 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

[7] *United States v. Dawson*, 857 F.2d 923, 928 (3d Cir. 1988).

[8] *Id.*

### A. Ground One: "Defendant was denied effective assistance of counsel."[9]

In sum, Ponder alleges in his petition that he was denied effective assistance of counsel because his attorney failed to forsee the filing of an Information pursuant to 21 U.S.C. § 851 that increased his statutory mandatory minimum from 5 years to 10 years imprisonment.

The Sixth Amendment to the United States Constitution provides, in relevant part: "In all criminal prosecutions, the accused shall enjoy the right to…have the Assistance of Counsel for his defense." The formative case on ineffectiveness of counsel remains *Strickland v. Washington*.[10] Recently, the Third Circuit explained the two-fold standard as follows:

> That standard requires a petitioner to show counsel was "deficient," meaning "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed to the defendant by the Sixth Amendment." A petitioner must also show that "the deficient performance prejudiced the defense," which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial." This is an exacting standard, reflecting the reluctance of the courts to second-guess strategic decisions made by counsel.[11]

---

[9] Petition, ECF No. 195 at 4.

[10] 466 U.S. 668 (1984).

[11] *Workman*, 908 F.3d at (3d Cir. 2018).

Therefore, Ponder must demonstrate both that counsel's representation fell below an objective standard of reasonableness, and that but for counsel's unprofessional errors, the result of the proceedings would have been different.

### 1. Counsel implicitly conceded that her performance fell below an objective standard of reasonableness.

A "defendants…Sixth Amendment right to counsel…extends to the plea-bargaining process."[12] "All defendants facing felony charges are entitled to the effective assistance of competent counsel."[13] Because Ponder's arguments fail at the second prong of *Strickland,* I will conserve judicial resources by accepting, without holding as such, counsel's indirect concession at sentencing that her performance was below an objective standard of reasonableness.[14] Ponder thus succeeds at the performance prong of *Strickland.*

### 2. Ponder has not, however, shown that the result of the proceedings would have been different.

Ponder's arguments fail, however, with his assumption that even if defense counsel had the 851 "on her radar," that the Government wouldn't take exactly the same action it took in May of 2017, just at an earlier time. Stated differently, he

---

[12] *Lafler v. Cooper*, 566 U.S. 156, 162 (2012); citing *Missouri v. Frye,* 566 U.S. 134 (2012).

[13] *Hill v. Lockhart*, 474 U.S. 52, 57 (1985) (internal citation and quotation omitted).

[14] In fact, if anything, the converse is true. First, despite the 851 notice "not crossing her mind," counsel provided sage advice in recommending that Ponder sign the five-year plea deal. Second, once the Government alerted her that it was going to file an 851, she then attempted to race to the finish line to get the open plea scheduled prior to the Government's being able to docket its information pursuant to 21 U.S.C. § 851.

has not shown that the Government wouldn't have rushed to file the 851 notice just prior to the open plea, regardless of when he attempted to take the plea. For the reasons that follow, I find that, even assuming, *arguendo*, that counsel had advised Ponder that his prior convictions could be used by the Government to obtain an increased mandatory minimum sentence, he has not shown that the outcome of the proceedings would have been different.[15]

Under *Strickland*, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[16] "This additional 'prejudice' requirement was based on our conclusion that an error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."[17] The Third Circuit has explained that this prong is "slightly modified ... in connection with guilty pleas."[18] "The defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to

---

[15] *See e.g., Hill v. Lockhart,* 474 U.S. 52, 52, (1985) (Petitioner unable to demonstrate that had counsel correctly informed him about his parole eligibility date, the result of the proceedings would have been different.); *United States v. Curran*, No. 2:09-CR-325, 2014 WL 6931937, at *5 (W.D. Pa. Dec. 8, 2014) (McVerry, J.) ("There are no objective indications in the record to suggest that the alleged misinformation about whether he could challenge the § 851 was the key factor in his decision to enter a last-minute plea.");

[16] *Hill* at 57.

[17] *Id.*

[18] *United States v. Bui*, 769 F.3d 831, 835 (3d Cir. 2014).

trial."[19]  Ponder presents an atypical situation, where his argument is not that he would have chosen trial – he did make that choice – instead, his argument is only that he would have plead guilty at an earlier date.

First, Ponder was unable to obtain the benefit of the five-year sentence offered in the plea agreement because the Government had at all times only offered a conditional plea tied to the signature of his co-defendant; that co-defendant at all times, refused a plea and asserted his right to a jury trial.  The reason Ponder did not receive the benefit of the conditional plea agreement offered by the Government has nothing to do with counsel and had everything to do with the Government's insistence on a conditional plea agreement and, contemporaneously, his co-defendant's refusal to sign the conditional plea.  Ponder's assignment of blame on his counsel's performance is misplaced.

Second, Ponder cannot show that the outcome would have been different had he attempted to plead open earlier than May 2017.  The fallacy in Ponder's argument is that he assumes that had his counsel forseen the 851 notice, she could have stopped it from being filed.  This situation is not akin to a preventable automobile accident in which counsel's gentle application of the brakes could have stopped one vehicle from impacting another. Here, the Government was in the driver's seat at all times and had the discretion of whether or not to file an 851

---

[19]  *Id.*

enhancement. The Government had the ability to file an 851 enhancement at any time prior to an open plea, even mere moments before, regardless of any actions Ponder's counsel did or did not take in scheduling an open plea earlier than the one scheduled in May 2017. Although Ponder attempts to blame counsel for not foreseeing an 851 enhancement, whether or not she foresaw it is not the issue. The power to enhance the mandatory minimum was at all times with the Government.

Be that as it may, in a matter substantially similar to this case, arising in the District of South Carolina, "the Petitioner argue[d] that Attorney Anderson was ineffective because he did not investigate his prior criminal history and discover that 'the Petitioner was convicted of a felony drug offense on May 5, 1999 and faced an enhanced sentence pursuant [to] 21 U.S.C. § 841 (b)(1)(A) clause viii.'"[20] That court held that "even assuming, arguendo, that Attorney Anderson's representation fell below an objective standard of reasonableness, the Petitioner's ineffective assistance of counsel claim fails because he cannot "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[21]

The District of South Carolina found, as I do here, that "the fallacy in the Petitioner's position is that he assumes the government could not have filed a §

---

[20] *Law v. United States*, No. 4:07-CR-00640-RBH, 2010 WL 11619463, at *2 (D.S.C. Nov. 3, 2010).

[21] *Id.* at *3.

851 enhancement prior to the Court's accepting his guilty plea."[22] Title 21 U.S.C. § 851 provides that the Government need only file its Information "before trial" or "before entry of a plea of guilty." As noted, "by statute, the government could have filed the § 851 enhancement mere seconds before the Court proceeded with taking the Petitioner's plea of guilty"[23]

Consequently, I find that Ponder has not shown that the outcome of the proceedings would have been different, and therefore, he was not denied effective assistance of counsel.

**B. No Certificate of Appealability Shall Issue.**

Title 28 U.S.C. § 2253 states, in relevant part, "certificate of appealability may issue [] only if the applicant has made a substantial showing of the denial of a constitutional right." Pursuant to Rule 11 of the Rules Governing 2255 proceedings, I decline to issue a certificate of appealability here.

## III. CONCLUSION

The Petition for Writ of Habeas Corpus will be dismissed by separate Order.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[22] *Id.*

[23] *Id.*